The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick. The appealing parties have not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant.
3. Plaintiff's average weekly wage was $220.00.
4. Plaintiff was out of work beginning 18 August 1993.
5. A one page letter from Dr. Steven K. Gudeman dated 25 July 1994, marked as Stipulated Exhibit Number Two, is admitted into evidence.
6. A one page letter from Dr. Gudeman dated 5 December 1995 is admitted into evidence.
7. A one page letter from Dr. Raymond C. Sweet dated 31 January 1996 is admitted into evidence.
* * * * * * * * * * *
EVIDENTIARY RULINGS
The objections appearing in the depositions of Dr. Gudeman and Dr. Sweet are OVERRULED except for the objections appearing in the deposition of Dr. Sweet on pages 18, 40, 43, 55, 65, 66, 67, 68 and 82 which are SUSTAINED.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was thirty-five years old. Plaintiff did not speak English and his testimony was translated by an interpreter. Prior to his alleged injury, plaintiff had spinal brucellosis. Plaintiff did not contract brucellosis as a result of his employment with defendant. Rather, plaintiff contracted brucellosis from consuming non-pasteurized goat's milk. The brucellosis infected plaintiff's L4-L5 disc.
2. During the afternoon of 18 August 1993, plaintiff was performing his usual duties for defendant, loading furniture into a truck. While carrying a piece of furniture, plaintiff misstepped with his right foot, causing him to twist his torso. Plaintiff immediately felt a "big" pain in his lower back.
3. After leaving work, plaintiff presented to Moore Regional Hospital complaining of low back pain that began while lifting furniture. Plaintiff was prescribed Darvocet and Toradol.
4. Due to back pain, plaintiff did not work on 19 August 1993. The following day, plaintiff went to defendant's place of business and reported, through an interpreter, the incident that occurred on 18 August 1993. On 27 August 1993, defendant referred plaintiff to a family physician for an evaluation of his back condition. On that date, plaintiff reported that he had injured his back while carrying furniture at work. Plaintiff continued to experience low back pain.
5. Plaintiff was then referred to Dr. Shupeck, who examined plaintiff on 16 September 1993. On that date, plaintiff's back pain continued. He was also experiencing right leg pain and numbness. Dr. Shupeck, who believed that plaintiff's back and leg pain was being caused by an infection or a herniated disc, referred plaintiff to Dr. Gudeman.
6. Dr. Gudeman first examined plaintiff on 5 October 1993. Based upon his examination of plaintiff and his review of plaintiff's diagnostic studies, Dr. Gudeman recommended surgery. Prior to the surgery, Dr. Gudeman believed that plaintiff had a herniated disc at L4-L5 or an infection in the L4-L5 disc space that extended into the L5 vertebral body.
7. During the surgery, Dr. Gudeman performed a partial laminectomy at L4-L5, bilateral discectomies at L4 and L5 and a bilateral foraminotomy at L5. During the procedure, Dr. Gudeman identified a grayish material that had extruded into the L4-L5 disc space and compressed the exiting nerve roots. Dr. Gudeman incised the space and extracted the grayish material. The grayish material was infected with brucellas.
8. Plaintiff's brucellosis infected L4-L5 disc was predisposed to herniation. The incident on 18 August 1993 caused plaintiff's L4-L5 disc herniation and the extrusion of brucellosis infected material into the disc space.
9. Plaintiff was hospitalized following his surgery for eight days. Plaintiff's hospitalization after 6 November 1993 was for treatment of his brucellosis. Following his hospitalization, plaintiff continued taking antibiotic medications for treatment of his brucellosis. In addition, plaintiff underwent hearing tests to detect whether he had sustained any hearing loss due to the antibiotic medications he was taking for brucellosis.
10. After plaintiff was released to return to work for defendant, defendant was unable to provide plaintiff with work suitable to his physical restrictions. Plaintiff unsuccessfully sought alternative employment until 15 December 1994, when he began working for a different employer earning an average weekly wage of $210.00.
11. As a result of the incident on 18 August 1993, plaintiff was incapable of earning wages from defendant or any other employer from 19 August 1993 through 14 December 1994.
12. As a result of his injury on 18 August 1993, plaintiff's earning capacity was diminished by ten dollars per week from 14 December 1994 through 4 December 1995.
13. Plaintiff reached maximum medical improvement on 5 December 1995. On that date, plaintiff retained an eight percent permanent partial disability of his back as a result of the incident on 18 August 1993.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 18 August 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. N.C. Gen. Stat. § 97-2(6).
2. As a result of his injury on 18 August 1993, plaintiff is entitled to temporary total disability compensation at the rate of $146.67 per week from 19 August 1993 through 14 December 1994. N.C. Gen. Stat. § 97-29.
3. As a result of his injury on 18 August 1993, plaintiff is entitled to payment of temporary partial disability compensation at the rate of $6.67 per week from 15 December 1994 through 4 December 1995. N.C. Gen. Stat. § 97-30.
4. As a result of his injury on 18 August 1993, plaintiff is entitled to payment of permanent partial disability compensation at the rate of $146.67 per week for twenty-four weeks. N.C. Gen. Stat. § 97-31(23).
5. Plaintiff is entitled to payment of all medical expenses incurred as a result of his compensable injury for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen his period of disability. However, plaintiff is not entitled to payment of the medical expenses he incurred as a result of his hospitalization after 6 November 1993, hearing tests or antibiotic medications prescribed for treatment of brucellosis. N.C. Gen. Stat. § 97-2(19); N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff temporary total disability compensation at the rate of $146.67 per week from 19 August 1993 through 14 December 1994. This amount shall be paid in a lump sum, subject to the attorney's fee approved for plaintiff's attorney in paragraph 5.
2. Defendant shall pay plaintiff temporary partial disability compensation at the rate of $6.67 per week from 15 December 1994 through 4 December 1995. This amount shall be paid in a lump sum, subject to the attorney's fee approved for plaintiff's attorney in paragraph 5.
3. Defendant shall pay plaintiff permanent partial disability compensation at the rate of $146.67 per week for twenty-four weeks. This amount shall be paid in a lump sum, subject to the attorney's fee approved for plaintiff's attorney in paragraph 5.
4. Defendant shall pay all medical expenses incurred by plaintiff as a result of his compensable injury for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen his period of disability. However, defendant is not responsible for payment of the medical expenses plaintiff incurred as a result of his hospitalization after 6 November 1993, hearing tests or antibiotic medications prescribed for treatment of brucellosis.
5. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraphs 1, 2 and 3 of this Award is approved for plaintiff's attorney and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that amount and paid directly to plaintiff's attorney.
6. Defendant shall pay the costs, including $500.00 to Dr. Sweet as an expert witness fee.
This is the 30th of January 1997.
 S/ ____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER